USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 27, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
JOSE A. TORRES LOPEZ, *on behalf of*                  :
*himself and all others similarly situated*,          :
                                                      :
                                    Plaintiff,        :     14 Civ. 9988 (KPF)
                                                      :
                        v.                            :     OPINION AND ORDER
                                                      :
JVA INDUSTRIES, INC.,                                 :
                                                      :
                                    Defendant.        :
                                                      :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

Plaintiff Jose A. Torres Lopez and others[1] bring this action against JVA Industries Inc., asserting claims under the Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060 (the "FLSA") (codified as amended at 29 U.S.C. §§ 201-219), and the New York Labor Law, Consol. Laws 1909, ch. 31 (the "NYLL"), for alleged failure to pay overtime compensation. Plaintiff seeks an order conditionally certifying a collective action under the FLSA, authorizing Plaintiff to send notice to prospective opt-in plaintiffs, and requiring Defendant to undertake certain activities with respect to that notice. As set forth herein, the motion for conditional certification is granted, and notice is ordered pursuant to the conditions set forth in the remainder of this Opinion.

---

[1] After the filing of the Complaint, several other individuals filed consents to join the suit as Plaintiffs, including Julio Jacinto Pina, Carlos A. Aracena, Earl Cox, and Hector Rodgers. (Dkt. #11-14). The instant motion recites that it is brought solely by Torres Lopez, though two other Plaintiffs submitted declarations in support of the motion. References in this Opinion to "Plaintiff" refer to movant Torres Lopez.

## BACKGROUND[2]

### A.     Factual Background

Defendant JVA is engaged in the construction business; in furtherance of that business, Defendant employs carpenters to work at various job sites, including sites in the State of New York. (Compl. ¶¶ 2, 4, 10, 22). Plaintiff was employed as a carpenter with Defendant from 2007 until November 2013. (*Id.* at ¶ 18; Torres Lopez Decl. ¶ 2). He alleges that he frequently worked for more than 40 hours per week without being compensated at the required time-and-a-half rate for the excess hours. (Compl. ¶¶ 22-26; Torres Lopez Decl. ¶¶ 3-5, 10).

Plaintiff avers that on some occasions, he was provided with a single pay stub indicating that he was paid "straight time," with no increase in pay rate for overtime, while on other occasions, he was paid with a separate check for overtime hours, again with no increase in rate. (Torres Lopez Decl. ¶¶ 4-5; *see also* Pl. Br. Ex. B, F). In addition, Plaintiff alleges that he knows of several similarly situated persons who are or were employed as carpenters at JVA and who are or were subject to the same overtime practices; several of those individuals have joined this litigation and submitted corroborating affidavits in

---

[2]     The facts in this Opinion are drawn from Plaintiff's Complaint ("Compl." (Dkt. #1)), as well as from the declarations and exhibits thereto submitted in support of ("Redenburg Decl." (Dkt. #18)) and opposition to ("Koulikourdis Decl." (Dkt. #22)) the instant motion. Plaintiffs' declarations, submitted as exhibits to Plaintiff's opening brief, are referred to as "[Name] Decl." For convenience, the parties' briefs are referred to as "Pl. Br." (Dkt. #17), "Def. Opp." (Dkt. #21), and "Pl. Reply" (Dkt. #24).

connection with this motion. (Torres Lopez Decl. ¶ 7; *see* Cox Decl. ¶¶ 3-6; Pena Decl. ¶¶ 3-5).

**B.    Procedural Background**

Plaintiff commenced this action alleging violations of federal and state labor law on December 18, 2014. (Dkt. #1). He brought claims for willful violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a)(1), and the NYLL's associated regulations, N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2. (Compl. ¶¶ 27-37, 49-68).

On May 19, 2015, Plaintiff filed a motion for the Court to conditionally certify a collective action under the FLSA and allow notice to current and former carpenters employed by JVA. (Dkt. #16-18). He argued that the well-pleaded allegations in the Complaint, along with the declarations submitted by himself and Plaintiffs Pina and Fox, demonstrated that "Defendant JVA subjected Plaintiff and his co-workers to the same compensation policies that violate the FLSA." (Pl. Br. 8). Relatedly, Plaintiff sought approval of his proposed notice, appointment of a third-party administrator, a requirement that Defendant post the notice in a conspicuous location at each of its job sites in New York, authorization of a reminder letter halfway through the opt-in period, and a three-year notice period. (Pl. Br. 10-12). Finally, Plaintiff requested that the FLSA limitations period be tolled until notice was sent out. (*Id.* at 12-13).

Defendant opposed the motion with submissions filed on June 18 and 22, 2015, and included within its opposition papers declarations from Joseph

Alfano, the president and owner of JVA, as well as Efrain Vazquez, a foreman at the company. (Dkt. #20-22). On the issue of certification, Defendant maintained that (i) its employees could not be entitled to overtime pay because, among other things, the job sites were not open past 5:00 p.m. or on Saturdays (Def. Opp. 2-3); (ii) any earnings statements with hours in excess of 45 hours reflected "previous hours [that] were carried over into the next week, but ... should not be counted as 'overtime' hours by definition" (*id.* at 3); and (iii) Plaintiffs were not "similarly situated" in their job duties, because each project required different skills and different levels of supervision by each carpenter (*id.* at 6). On the issue of notice, Defendant objected to a three-year notice period, to the posting requirement, and to the reminder letter. (*Id.* at 7-8).

Briefing was complete with the filing of Plaintiff's reply brief on June 26, 2015. (Dkt. #24). The Court will now consider Plaintiff's motion.

## DISCUSSION

### A. The Court Will Preliminarily Certify a Collective Action Under the FLSA

#### 1. Applicable Law

Section 216(b) of the FLSA authorizes collective actions to recover damages for unpaid wages where all employees are "similarly situated." 29 U.S.C. § 216(b). "When deciding whether to certify a class under 29 U.S.C. § 216(b), district courts in the Second Circuit apply a two-step process." *Ruiz* v. *Citibank, N.A.*, — F. Supp. 3d —, Nos. 10 Civ. 5950 (KPF), 10 Civ. 7304 (KPF), 2015 WL 1254820, at *14 (S.D.N.Y. Mar. 19, 2015) (quoting *Morano* v.

*Intercontinental Capital Grp., Inc.*, No. 10 Civ. 2192 (KBF), 2012 WL 2952893, at *4 (S.D.N.Y. July 17, 2012)), *reconsideration denied*, 2015 WL 4629444 (S.D.N.Y. Aug. 4, 2015). The first step of that process is generally termed conditional certification, which this and other courts have noted is something of a misnomer. *See id.* at *14 & n.17. This first step requires plaintiffs to make "only a 'modest factual showing' that the plaintiff and potential opt-in plaintiffs 'together were the victims of a common policy or plan that violated the law.'" *Morano*, 2012 WL 2952893, at *4 (quoting *Myers* v. *Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). Upon such a showing, plaintiffs may send notice to other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555.

Courts in this District have noted that at this first stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Winfield* v. *Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (quoting *Cunningham* v. *Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). Accordingly, an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit. *See, e.g.*, *Bhumithanarn* v. *22 Noodle Market Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015); *Gonzalez* v. *Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *3 (S.D.N.Y. Nov. 25, 2013); *Hernandez* v. *Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS),

2013 WL 3199292, at *3-4 (S.D.N.Y. June 25, 2013) (granting conditional certification and collecting cases).

Although the "modest factual showing" required at the first stage "cannot be satisfied simply by 'unsupported assertions,' ... it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (emphasis in original) (citations omitted). The Second Circuit has further confirmed that this low standard is appropriate because conditional certification is merely "a useful 'case management' tool" that "facilitate[s] the sending of notice to potential class members." *Id.* at 555 n.10 (quoting *Hoffmann-La Roche Inc.* v. *Sperling*, 493 U.S. 165, 174 (1989)). This is to be distinguished from the second stage, when the Court has a more developed record; at that time, the named plaintiffs must prove that "the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* at 555 (emphasis added).

   2.   **Analysis**

Plaintiff has easily cleared the low hurdle to conditional certification. He offers, in addition to detailed allegations in and exhibits to the Complaint regarding overtime policies to which he and other carpenters were subjected, three factual declarations (including his own) making similar allegations of failure to pay overtime at the appropriate rate. Defendant opposes conditional certification largely by attacking the credibility of the declarants and the granularity of their declarations (*see* Def. Opp. 6), or by offering contradictory

factual assertions, including those in the declarations of JVA's owner and foreman (*see* Alfano and Vasquez Decls.).  Notably, however, Defendant's arguments and evidence concerning the practical inability of JVA carpenters to work overtime goes to the merits, rather than to the propriety of conditional certification and notice:

> Although Defendants have submitted to the Court voluminous documentation in the form of Defendants' affidavits and payroll logs in opposition to Plaintiffs' motion, attempting to demonstrate that no violation occurred and no class should be conditionally certified, these materials clearly go to the merits of the case and Defendants' reliance upon them is misplaced at this stage of the proceedings.

*Bhumithanarn*, 2015 WL 4240985, at *4 (internal citations omitted).

Defendant's focus on the similarity *vel non* of each of the Plaintiffs (and, by extension, each of the prospective plaintiffs) is likewise premature.  Even crediting JVA's argument, the mere fact that some differences exist cannot defeat conditional certification; were it otherwise, conditional certification would be limited to situations where employees "were clones of one another working in completely identical stores, in identical neighborhoods, with identical clientele."  *Damassia* v. *Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *6 (S.D.N.Y. Oct. 5, 2006).  Arguments that individualized issues predominate are reserved for the second stage of the inquiry, where JVA can move for decertification if discovery reveals that the claimants are not similarly situated.  *Iglesias-Mendoza* v. *La Belle Farm, Inc.*, 239 F.R.D. 363,  369 (S.D.N.Y. 2007) ("If the fruits of full discovery reveal that plaintiffs are not, in fact, 'similarly situated' to defendants' other employees, or

7

that only employees who worked at the same facility or engaged in a particular job are 'similarly situated,' [the court] may later decertify the class or divide it into subclasses, if appropriate."); *see generally Ruiz*, 2015 WL 1254820, at *15-17 (decertifying collective action under the FLSA). Plaintiff's motion is therefore granted.³

**B.   The Court Will Order Notice**

    **1.   Applicable Law**

The Court having determined that notice is warranted, the next questions concern the form that notice is to take. The FLSA does not specify the content of the notice of pending litigation to be provided to potential opt-in plaintiffs, but rather vests the district court with broad discretion with respect to such notice. *See Delaney* v. *Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009); *Gjurovich* v. *Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). Indeed, court-authorized notice is preferred because "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed," and because such notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche*, 493 U.S. at 172.

"Courts consider the overarching policies of the collective suit provisions and whether the proposed notice provides 'accurate and timely notice

---

³    Later in his motion, Plaintiff sought certification of a "New York State Collective." (Pl. Br. 9-10). The Court understands from Plaintiff's reply brief (*see* Pl. Reply 3-4), that this argument pertains to the geographic scope of the collective action under the FLSA, and is not an effort to certify Plaintiff's NYLL claims without invoking the procedures of Fed. R. Civ. P. 23.

concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate.'" *Delaney*, 261 F.R.D. at 55 (quoting *Fasanelli* v. *Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)) (alteration in original). As with the conditional certification inquiry, a court evaluating the degree to which court-authorized notice is appropriate "does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Davis* v. *Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 23, 2008) (citing *Lynch* v. *United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007)).

### 2. Analysis

#### a. The Court Adopts Plaintiff's Notice Forms, With Edits

While Defendant disputes certain aspects of Plaintiff's plan of providing notice to prospective opt-in plaintiffs, it does not dispute the contents of the proposed notices. (*See* Pl. Br. Ex. I). The Court has reviewed the Notice and Consent to Join form and agrees that, with certain edits, they adequately advise prospective opt-ins of their rights and responsibilities. It will therefore distribute the edited Notice and Consent to Join form to the parties under separate cover, and authorize the mailing of the Notice and Consent to Join form as set forth below. Opt-in plaintiffs must return a completed Consent to Join form within 90 days of the mailing of the Notice.[4]

---

4  Plaintiff also requests that the Court appoint a "third party administrator" to mail notices to prospective opt-in plaintiffs. (Pl. Br. 10). Because Plaintiff has not explained why such an administrator is necessary — and because his proposed notices in fact

9

In addition, Plaintiff seeks authorization to send a reminder letter (the "Reminder Letter") to prospective collective action members at the halfway point of the opt-in period. (*See* Pl. Br. 11 & Ex. I). Defendant opposes the idea of the Reminder Letter, but not its contents. (Def. Opp. 8). The Court will permit such a letter, in accordance with the reasoning of other courts in this District. *See, e.g.*, *Chhab* v. *Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate." (collecting cases)); *see also Michael* v. *Bloomberg L.P.*, No. 14 Civ. 2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) (same); *Morris* v. *Lettire Const. Corp.,* 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (same) (citing *Harris* v. *Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010)); *cf. Guzelgurgenli* v. *Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357-58 (E.D.N.Y. 2012) (reviewing split among courts regarding reminder notices, and denying request for reminder notice without prejudice to its renewal if plaintiffs explained why such notice was necessary under the circumstances). Here as well, the Court will distribute an edited version of the Reminder Letter to the parties under separate cover, and authorize its issuance 45 days after the mailing of the Notice.

---

direct prospective opt-ins to contact Plaintiff's counsel for information and mail to him directly their Consents to Join — the application is denied.

10

It is the Court's expectation, particularly given the text of Plaintiffs' supporting declarations, that the contents of the Notice, the Consent to Join form, and the Reminder Letter will be in both English and Spanish. If an individual mailing of a Notice and Consent to Join form to any potential plaintiff is returned as undeliverable, Plaintiff is authorized to mail these materials again to any other address (including electronic mail addresses) that he may determine is appropriate.

### b.   A Three-Year Notice Period Will Be Permitted

Plaintiff seeks a three-year notice period, while Defendant seeks only a two-year period; the difference stems from the parties' difference of opinion concerning JVA's willfulness. (*Compare* Pl. Br. 11-12, *with* Def. Opp. 7). "The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for 'a cause of action arising out of a willful violation.'" *Herman* v. *RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (citing 29 U.S.C. § 255(a) (1994)), *holding modified by Zheng* v. *Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003). Courts in this Circuit have repeatedly approved three-year notice periods — and, indeed, even six-year notice periods in certain cases with tandem claims under the NYLL. *See Trinidad* v. *Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563-64 (S.D.N.Y. 2013) (collecting cases). Because the parties dispute the applicability of the willfulness standard, the Court will apply the three-year standard. *See, e.g.*, *Iglesias-Mendoza*, 239 F.R.D. at 369 ("Where wilfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a

11

representative action."); *Fasanelli*, 516 F. Supp. 2d at 323 (conditionally certifying class based on three-year period in order to "avoid any merit-based determinations at this time," but cautioning as to the possibility of "decertification at a later time").

### c. Defendant Will Not Be Required to Post the Notice at All Job Sites

Plaintiff requests that Defendant be ordered "to post the Notice in a conspicuous location at each of its New York job sites." (Pl. Br. 11). It is true, as Plaintiff notes (*id.*), that courts frequently approve postings on employee bulletin boards and in common employee spaces. *See, e.g.*, *Trinidad*, 962 F. Supp. 2d at 564. However, Defendant has raised legitimate concerns about the practicability of such a practice here, including the facts that "Defendant's company does not directly control the various job sites that carpenters are assigned to in the City of New York," and that "it would be significantly burdensome for Defendant[] to physically post a court approved notice in all of these locations," because, among other things, "[p]rior permission from the owners of each complex would be needed." (Def. Opp. 8).

The Court agrees with Plaintiff that the possibility of JVA's owner "miss[ing] time . . . managing his company" is not an argument against posting. (Pl. Reply 5). However, Plaintiff has not seriously addressed in his reply the crux of Defendant's argument, which concerns the significant burdens of seeking permission from owners who are in no way involved in this lawsuit. Plaintiff also has presented no evidence (e.g., payments of wages in cash) to suggest that Defendant would have inadequate contact information for

prospective opt-in plaintiffs. In any event, to ensure maximum dissemination of information concerning this litigation, the Court has authorized issuance of the reminder letter and alternative means of service if mailing of the Notice proves unsuccessful. Plaintiff's request for job-site postings is thus denied.[5]

### 3. The FLSA Statute of Limitations Will Not Be Tolled at This Time

Finally, Plaintiff requests that the Court toll the limitations period for the FLSA claim to account for the time required to decide the instant motion. (Pl. Br. 12 (requesting that "the FLSA statute of limitations be tolled until such time that they are able to send notice to potential opt-in plaintiffs")). This is because, unlike in Rule 23 class actions, the limitations period in a FLSA collective action continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit. *See* 29 U.S.C. § 256(b). Defendant did not object to the request.

In a prior decision, this Court looked at cases considering whether the period of pendency of a motion for collective action certification can serve as an "extraordinary circumstance" justifying application of the equitable tolling doctrine. *See Mendoza* v. *Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629 (KPF), 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013). Ultimately, the Court deferred

---

[5]   Secondarily, Plaintiff has not demonstrated, on the unusual facts of this case, that posting at Defendants' job sites that were in play as far back as December 2011 would be likely to reach any significant number of potential plaintiffs who would not otherwise receive notice. In other words, many of the job assignments underlying the instant litigation have concluded, and with them, the need for the carpenters to remain at a particular site. Plaintiff has not explained how posting notices at places where prospective opt-in plaintiffs formerly worked will provide them notice of this litigation.

consideration of the issue until after the opt-in period, as "'it [was] not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice.'" *Id.* (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)). So too here, the Court will permit notice to be distributed to all potential plaintiffs employed within three years of the date of the filing of the Complaint, and defer consideration of the statute of limitations until after the opt-in period. At that time, any individual would-be plaintiffs whose claims have expired may seek equitable tolling as it may apply to them.

## CONCLUSION

For the reasons set forth herein, Plaintiff's motion for conditional certification of the FLSA class is GRANTED.

Plaintiff is hereby ORDERED to submit a revised version of the Proposed Notice, Consent to Join form, and Reminder Letter, reflecting the Court's modifications and any other appropriate modifications, for final review within seven days of the date of this Order.

To the extent not previously done, Defendant is hereby ORDERED to provide Plaintiff with the names and last known addresses of all potential plaintiffs within 21 days of the date of this Order.

Plaintiff is further ORDERED to mail the final Notice and Consent to Join no later than 30 days after the Court issues final authorization of the Proposed Notice.

Plaintiff is further ORDERED to provide a list of all opt-in plaintiffs to Defendant within 14 days of the conclusion of the opt-in period.

The Clerk of Court is directed to terminate Docket Entry 16.

SO ORDERED.

Dated:   August 27, 2015
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge